**SHELL PETROLEUM CORPORATION et al.**
**v. RAILROAD COMMISSION OF**
**TEXAS et al.**

**No. 8279.**

Court of Civil Appeals of Texas. Austin.
May 22, 1935.

Rehearing Denied July 24, 1935.

E. R. Pedigo, of Austin, and Joe S. Brown, of Houston, for appellant Gulf Production Co.

R. H. Whilden and H. M. Kisten, both of Houston, for appellant Shell Petroleum Corporation.

Dan Moody, of Austin, and Blalock, Blalock, & Blalock and Wm. F. Young, all of Marshall, for appellees East Texas Drilling Co.

Wm. McCraw, Atty. Gen., and Harry S. Pollard, Asst. Atty. Gen., for appellee Railroad Commission of Texas.

BAUGH, Justice.

Appeal is from the judgment of the trial court refusing to appellants, after a hearing upon the merits, an injunction against appellee A. D. Robinson to restrain

him from drillling or operating two additional oil wells on a 7½-acre tract of land in Gregg county, Tex.; and to cancel a permit granted to him by the Railroad Commission on July 20, 1934, to drill such wells.

Robinson owned a lease on a 7½-acre tract in the East Texas field near the center of which he operated one producing well.. The Shell Petroleum Corporation owned the leases adjoining Robinson's tract on the north and south; the Gulf Production Company owned the adjoining lease on the east; and L. C. McBride owned the adjoining lease on the west of Robinson's tract. The Railroad Commission granted Robinson a permit for wells 2 and 3 on July 20, 1934, as exceptions to rule 37, reciting that same was granted to prevent confiscation of Robinson's property. The provisions of rule 37 then in force in the East Texas field required 660 feet spacing between wells, and that wells be located at least 330 feet from property lines. As authorized by said permit, Robinson's well No. 2 would be located less than 330 feet from the lines of the Shell's leases, both north and south of said tract, and less than 330 feet from McBride's tract on the west. Well No. 3 would be located less than 330 feet from the Shell lease on the north, and less than 330 feet from the Gulf lease on the east.

The Shell brought this suit in which the Gulf intervened, on the following grounds: That the Railroad Commission's order granting said permit was unreasonable, arbitrary, and unjust; that the same subject-matter of this suit had theretofore been adjudicated in another district court of Travis county, wherein a former order of the commission was enjoined, no appeal taken therefrom, and that said judgment was res adjudicata of this suit; that Robinson's well No. 1 already afforded adequate drainage of his tract; that no undue drainage or confiscation of his property was taking place by wells on surrounding leases; that drilling by Robinson of the wells authorized would require appellants to drill offset wells on their leases; and that such concentrated drilling in that area would cause waste in violation of the conservation laws of the state. Trial was to the court without a jury and judgment rendered for the defendants, hence this appeal.

Appellants' first assignment is that the trial court in sustaining special exceptions to their plea of res adjudicata committed error. In the Shell's petition in this case, and in the Gulf's plea in intervention, each attached as exhibits copies of their pleadings in the former case. These pleadings show that the Railroad Commission had granted to Robinson on April 27, 1934, a permit for two additional wells on said 7½-acre tract on the same ground that the permit attacked in this suit was granted. The grounds of the injunction sought in the former suit were the same as those asserted by appellants in this suit, except that in the former suit the Shell and the Gulf alleged that the April 27th permit was granted to Robinson by the commission without notice to the adjoining lease owners. The location of Robinson's well No. 3 authorized in the permit of July 20th was approximately the same as that authorized in the permit of April 27th. The location of well No. 2 under the April 27th permit was 117 feet due north of Robinson's well No. 1; whereas, under the permit of July 20th, attacked in this suit, it was 87 feet west of Robinson's well No. 1. Under the issues as made, however, and under the undisputed facts, we think the difference in location of wells 2 and 3 as between the April 27th permit and the July 20th permit is immaterial. Other than the question of notice to adjacent lease owners on the permit of April 27th, the same issue is presented as to the permit of July 20th as was presented to the court in the former suit to set aside the first permit; that is, whether Robinson's 7½-acre tract was being unduly drained by wells on surrounding leases, whether his one well enabled him to adequately recover the oil beneath his tract, and whether the additional wells thereon would create waste in violation of the conservation laws. It affirmatively appears, and is not controverted, that the same conditions existed when the permit of July 20th was granted as when the permit of April 27th was granted.

While appellees insist that the first permit was canceled, and the drilling and operation of wells 2 and 3 therein granted were enjoined because of lack of notice thereof to adjacent lessees, the judgment of the trial court in the former case does not so disclose. On the contrary, that case was heard on June 11, 1934, taken under advisement by the trial court, and judgment rendered on June 25th, granting the relief prayed for, the judgment reciting that after hearing the pleadings, the

evidence, and argument of counsel, the court "is of opinion the facts and law are with the plaintiff and intervener." That the merits of appellants' attack on the permit of April 27th were before the court in both pleading and evidence is affirmatively shown in the instant case, in that the testimony of the expert witnesses given in the former case was read to the court in the instant case from the transcript thereof made from the former trial.

█ The general rule as to what constitutes a former adjudication are well settled. A judgment "is not only final as to the matter actually determined, but as to every other matter which the parties might litigate in the cause, and which they might have had decided." Foster v. Wells, 4 Tex. 101, 104; Nichols v. Dibrell, 61 Tex. 539, 541; Freeman v. McAninch, 87 Tex. 132, 27 S. W. 97, 47 Am. St. Rep. 79; Moore v. Snowball, 98 Tex. 16, 81 S. W. 5, 66 L. R. A. 745, 107 Am. St. Rep. 596; 26 Tex. Jur. p. 135, and cases cited. Exceptions to such general rule have been recognized where a party has separate and distinct causes of action, some of which are not asserted in his pleadings, in which case he is not necessarily precluded by the judgment. But where different grounds are alleged as a basis for the relief sought, the rule announced by Judge Williams, in Hermann v. Allen, 103 Tex. 382, 386, 128 S. W. 115, 116, is: "The reason for this difference is that a judgment is logically to be taken as disposing of all the issues pending for decision under the pleadings in the cause, unless the court exclude some of them from the effect of the adjudication, an exception made by other decisions." See, also, 26 Tex. Jur. p. 191, and cases cited.

█ Applying these rules to the instant case the following appears: In the former suit, judgment in which is here pleaded as res adjudicata, the same relief was sought as in this suit. In the former suit the grounds asserted for such relief were, briefly, threefold: (1) Lack of notice to adjacent leaseholders of the hearing before the Railroad Commission on Robinson's application for a permit. (2) That Robinson's land was not being unduly drained by existing wells on adjoining leases. (3) That additional wells on said 7½-acre tract would cause waste. In that case a general judgment was rendered by the court without indicating upon what grounds it was based. None of the issues made by the pleadings and the evidence in that case were by the court excluded "from the effect of the adjudication."

In the case at bar the same subject-matter between the same parties is involved; that is, the right of Robinson to drill additional wells on his 7½-acre tract. The question of lack of notice, present in the former trial, was not pleaded in this case, but the identical issues of drainage and waste were pleaded; and the same evidence on these issues was before the court in both cases. Thus not only were these same issues made by the pleadings in both cases, but the same evidence used in both. That being true, under well-settled rules of law, the judgment rendered in the former trial, and pleaded herein, is conclusive of the issues presented in the instant case, and the trial court should have so held. We are not to be understood as holding that Robinson is permanently denied the right to additional wells if authorized by the Railroad Commission under changed conditions. But the record affirmatively shows that the conditions were the same when the permit of July 20th was granted as they were on April 27th, to which time the former judgment related.

█ While this conclusion renders unnecessary further discussion of the issues presented on this appeal, the trial court was in error in its findings of fact as to what evidence was introduced before the Railroad Commission in its hearing on Robinson's application for the permit of July 20th, and its conclusion that such evidence was sufficient to support the commission's order. The statement of facts does not show what evidence was before the Railroad Commission on that hearing. The appellees tendered in evidence the transcript of the proceedings before the Railroad Commission, but the trial court excluded it. There was therefore no evidence whatever adduced as to what facts were before the commission. While Robinson did attach to his answer herein a transcript of the evidence heard by the commission, that was merely as a part of his pleadings. As such it did not constitute evidence on the issues made. While the trial court in its findings of fact did set out certain findings as to drainage of Robinson's land by surrounding wells, these findings are almost identical with what the court found was in evidence before the commission; and it is not clear whether the trial court's judgment is based

upon the conclusion that the Railroad Commission had before it sufficient evidence to sustain its order, or upon the court's independent conclusion that the evidence introduced on the trial hereof showed undue drainage of Robinson's tract. In any event, the trial court's findings as to what evidence was before the Railroad Commission is without support in the record, in that the court excluded such evidence when offered upon the trial, and should be disregarded. De Garcia v. Lozano (Tex. Civ. App.) 54 S. W. 280; Hahl v. McPherson, 63 Tex. Civ. App. 289, 133 S. W. 515; Madeley v. Kellam (Tex. Civ. App.) 135 S. W. 659.

For the reasons stated, the judgment will be reversed, and the cause remanded to the trial court, with instructions to enter such orders, in accord with the conclusions above announced, as the facts of the case may now require.

Reversed and remanded, with instructions.