# SMITH et al. v. MERRILL et al.

## No. 7770.

Circuit Court of Appeals, Fifth Circuit.

Jan. 28, 1936.

Felix A. Raymer, of Houston, Tex., Thos. B. Ramey, of Tyler, Tex., and Wm. McCraw, Atty. Gen., of Texas, and Harry S. Pollard and Archie D. Gray, Asst. Attys. Gen., of Texas, for appellants.

Fred Hull, of Tyler, Tex., for appellees.

Before HUTCHESON, Circuit Judge, and DAWKINS, and STRUM, District Judges.

### DAWKINS, District Judge.

Plaintiffs below, the trustees of a colored cemetery association, and their lessee,

brought this suit against the individual members of the Railroad Commission of the state of Texas, and its general enforcement officer, to enjoin interference with drilling for oil upon a tract of land consisting of three-tenths of an acre, claimed to belong to said cemetery association. Under a rule of the court below, that any one interested in the subject-matter of such suits should be notified, notice was given to the Humble Oil & Refining Company, which intervened herein, claiming to hold a lease upon the property emanating from other sources. Petitioners did not attack the constitutionality of the state statute or the validity of the rules of the Commission, but alleged that the latter acted arbitrarily in refusing permission to drill, which amounted to confiscation of their property. The Railroad Commission is charged with the duty of administering and enforcing the conservation laws of the state.

Defendants, members of the Commission, answered admitting that under its rules and regulations, permission to drill upon the property had been denied because of circumstances which it found sufficient in its discretion under the state law. They further pleaded that the lower court was without jurisdiction for the reason that this is a suit, in effect, against the state, and the latter has consented to be sued with respect to such matters only in the district court of Travis county, and that the action should have been brought either in that court or the United States District Court for the Western District of Texas, in which Travis county is situated. Defendant commissioners averred that the complainants had, pursuant to the provisions of the Texas law, brought suit in Travis County District Court as an appeal from an order denying permission to drill upon this small tract of land; that the subsequent application for a permit to drill on the same property by the same parties under the same circumstances, except that the location of the well had been moved 50 feet north, was denied for the same reason; that the case in said state court was tried on the merits and the relief sought was denied by final judgment, from which the present petitioners took no appeal, and the same is now res judicata of the issues asserted here and which they plead in bar of this action.

Appellants accept the findings of fact by the judge of the lower court as correct, but contest his conclusions of law. We quote these findings as follows:

"Complainants, Haden Merrill, Elmo Bradford and Rachel Howard claim title to the land described in the decree herein as Trustees of the Union Grove Colored Cemetery Association. Complainant R. W. Porter claims a seven-eighths (⅞) interest in the minerals underlying the land under lease from the parties above named. Intervener, Humble Oil & Refining Company, also claims oil and gas and general mining and mineral leasehold estate, under a different source than complainants.

"On January 16th, 1934, complainants filed with the Railroad Commission of Texas their application to drill a well for oil or gas upon said land, the granting of which would have necessitated making an exception to the provisions of Rule 37 adopted by the Railroad Commission, then in full force and effect.

"Rule 37, as applicable to the East Texas Oil field, wherein the land involved is situated, reads as follows:

"'Rule 1, Rule 37, adopted November 26, 1919, is hereby amended in so far as it applies to the East Texas field so as to hereafter read as follows:

"'No well for oil or gas shall hereafter be drilled in said East Texas Field nearer than 660 feet to any other completed or drilling well on the same or adjacent tract or farm; and no well shall be drilled in said field nearer than 330 feet to any property line, lease line, or subdivision line; provided that the Commission, in order to prevent waste, or to prevent the confiscation of property will grant exceptions to permit drilling within shorter distances than the above prescribed whenever the Commission shall determine that such exceptions are necessary, either to prevent waste or to prevent the confiscation of property. When an exception of such rule is desired application therefor shall be filed with the Commission fully stating the facts, which application shall be accompanied by a plat drawn to the scale of one inch equalling four hundred feet accurately showing to scale the property on which permit is sought to drill a well under an exception to this rule, and accurately showing to scale all other completed drilling and permitted wells on said property; and accurately showing to scale all adjacent surrounding properties and wells. Such application shall be verified by some person acquainted with the facts, stating all facts therein stated were within the knowledge of the affiant true, and that the accompany-

ing plat is accurately drawn to scale and correctly reflects all pertinent and required data. Such exception shall be granted only after at least ten days notice to all adjacent lessees affected thereby has been given, and after public hearing at which all interested parties may appear and be heard, and after the Commission has determined that an exception to such rule is necessary either to prevent waste or to protect the property belonging to applicant from confiscation. All pending applications shall be amended to conform to this rule before being acted upon.

" 'No well drilled in violation of this rule without special permit obtained in the manner prescribed in said rule, and no well drilled under such a special permit which does not conform in all respects to the terms of such permit, shall be permitted to produce either oil or gas; and any such well so drilled in violation of said rule or in violation of a permit granted as a special exception to said rule shall be plugged.

" 'The order entered by this Commission on August 30th, 1935, commonly designated as the direct and equidistant offset order is hereby rescinded, annulled and shall be of no further force and effect. All other rules, regulations and orders of this commission which conflict with the terms and provisions of Rule No. 1 as hereby amended and promulgated are hereby declared to have no. further application to wells in said East Texas field to the extent of such conflict.

" 'In the adoption and promulgation of this order it is hereby declared that the Commission intends to adopt each phrase, sentence and paragraph separately and independently of each other such phrase, sentence and paragraph, and if any portion of this order or any portion of the rule hereby adopted shall be declared invalid, such declaration and such invalidity shall not affect any other portion.'

"Hearing was had upon such application on March 9, 1934, and thereafter, on March 19, 1934, the application for exception to Rule 37 and permit for drilling said well was denied, as shown by order of the Railroad Commission attached to these findings and marked Exhibit 'A.'

"Thereafter, on May 30, 1934, complainants filed with the Railroad Commission a motion for re-hearing as required by the following rule of said Commission:

" 'It is hereby ordered by the Railroad Commission of Texas that in all orders, judgments and decrees written by the Railroad Commission of Texas, no motion for a new trial shall be filed or entertained unless it is filed within twenty (20) days after such order, judgment or decree rendered and entered of record. It must be filed in writing and signed by the applicant or by his attorney, specifying the grounds upon which it is founded. No ground not specified shall be considered by the Commission.'

"Copy of complainants' motion is attached hereto and marked Exhibit 'B.' This motion was overruled by order of said Commission dated June 6th, 1934, copy of which order is attached hereto and marked Exhibit 'C.'

"Being dissatisfied with the order of the Railroad Commission hereinabove enumerated, complainants, in accordance with the terms and provisions of article 6049c, § 8, title 102, Revised Civil Statutes of Texas 1925, as enacted by Acts of 42d Legislature, First Called Session, 1931, p. 46, c. 26, as amended by Acts 1932, 4th Called Sess., c. 2, § 8, on June 12th, 1934, filed suit in the District Court of Travis County, for the 126th Judicial District of Texas, to set aside and vacate the order of the Railroad Commission of March 19th, 1934, refusing to grant an exception to Rule 37 and issue a permit to drill the well applied for, seeking further in said cause injunctive relief enjoining the said Commission from interfering with the drilling of the well as designated by complainants and from interfering with the production, transportation and sale of oil therefrom.

"Copy of complainants' petition in the Travis County suit is attached hereto and marked Exhibit 'D.'

"The Railroad Commission of Texas filed answer in the Travis County suit and certain interested parties with deceased relatives buried in the Colored Cemetery plot involved were allowed to intervene. Copies of such answer and plea in intervention are attached to these findings and marked Exhibits 'E' and 'F,' respectively.

"Intervention in said suit was also filed by O. F. Smith, who had deceased relatives buried in the Cemetery for white persons, which was adjacent to and immediately joined the colored cemetery involved. His intervention petition is also attached hereto and marked Exhibit 'G.'

"When the case in the District Court of Travis County was called for trial, the Railroad Commission of Texas, by and through the Attorney General's department appeared by answer and an Assistant Attorney General remained in the court room approximately 30 minutes after announcements were made and the case proceeded to trial, which trial consumed approximately four days, being prosecuted by complainants and defended by the personal appearance of interveners only.

"Said cause was tried by the District Court of Travis County for the 98th Judicial District of Texas, to which Court the cause had been duly transferred for hearing; and on July 7th, 1934, judgment in said Court was entered denying the permit, refusing the injunctive relief asked, and in effect affirming the orders of the Railroad Commission appealed from.

"Said judgment is attached hereto and is marked Exhibit 'H.'

"The judgment of the District Court of Travis County became final; no appeal or writ of error having been prosecuted therefrom and time for filing an appeal or prosecuting a writ of error having expired.

"Thereafter, on November 22, 1934, complainants filed with the Railroad Commission of Texas an application for a permit to drill a well on the same tract of land, but at a different location, to-wit, 50 feet from the location previously designated. This application was filed by complainants as an original application and presented as such, but the Railroad Commission refused to entertain it or consider it as an original application, but elected to consider it as a motion for rehearing in the previous case, and by order duly made and entered upon the minutes of said Commission on November 30th, 1934, the permit applied for on November 22nd, 1934, was refused and denied. It is this order from which complainants seek relief in their petition before this Court. Such order is attached hereto and marked Exhibit 'I.'

"No motion for rehearing was filed with the Railroad Commission seeking a review of the order so entered denying the permit applied for, and no appeal to a Court of competent jurisdiction in Travis County has been filed or prosecuted, and no suit in any such Court has been instituted to review this last order of the Railroad Commission of Texas; but complainants seek injunctive relief in this Court, as a Court of first instance, to restrain the enforcement of the order of the Railroad Commission complained of.

"At the time the suit was tried in the District Court of Travis County, the colored interveners resisted the drilling of the proposed well, upon the ground that they had deceased relatives buried upon said plot of ground. Such objection, since the trial of said suit, has been removed, by the parties referred to signing agreements waiving the objections theretofore urged.

"No waiver has been obtained from O. F. Smith, whose deceased relatives are buried in the white cemetery immediately adjoining the land involved.

"The tract of land upon which the complainants seek to drill the well contains three-tenths ($\frac{3}{10}$) of one acre, and is approximately 358 feet in length and 36 feet in width. The location now proposed and for which permit was sought in the application to the Commission on November 22nd, 1934, is 50 feet distant from the location sought in the suit heretofore tried in the District Court of Travis County, and in which suit judgment was rendered on July 7th, 1934.

"The size, shape and acreage contained in the $\frac{3}{10}$ths acre tract are such that no well, regardless of location, could be drilled thereon without the granting of an exception to Rule 37 of the Railroad Commission heretofore referred to. Copy of map or plat showing the shape and location of the land involved is attached hereto and marked Exhibit 'J.'

"As shown by the judgment entered herein, though complainants and intervener are claiming the adverse title to the fee estate and to the mineral leasehold estate, no question of title was passed upon or adjudicated, and such adverse claims of title are open for subsequent adjudication; but complainants have a probable interest in the mineral title to said land and if said interest exists, in fact, they have a vested right therein.

"The Railroad Commission of Texas has heretofore granted exceptions to Rule 37 in various other instances, permitting the drilling of oil and gas wells on other cemetery tracts of no greater size than the one involved in this suit, and further that said Railroad Commission of Texas has granted like permits on many tracts of land in the same vicinity which tracts are of no greater size than the one involved in this case."

The conclusions pronounced thereon were as follows: "The Court concludes that under the facts in this case the Railroad Commission acted arbitrarily in refusing the application for a permit or a hearing thereon as urged by the complainant on November 22, 1934, and that the complainant is without adequate remedy at law, and that unless the relief prayed for is granted, it will result in the confiscation of complainant's property, and that he will be deprived of his property without due process of law."

As above stated, no attack was made upon the constitutionality of the Texas statute or of the rules and regulations of the Commission, but the sole complaint is that the Commission, in the exercise of its discretion, acted arbitrarily and in a discriminatory manner, so as to amount to confiscation of petitioner's property. The assignments of error press again a question of jurisdiction pleaded in the answer, charge that the court failed to find that there was lawful title in petitioners, which was necessary and a condition precedent to the relief sought, and urge the sustaining of the plea of res judicata.

■ The parties all being citizens of the state, a federal court would have no jurisdiction but for the issue of confiscation under the Federal Constitution. Inasmuch as plaintiffs seek the protection of the Fourteenth Amendment, they, in effect, charge that the Commissioners have transcended their official duties, lost their representative capacity, and stand before the court as individuals [Constantin v. Smith (D.C.) 57 F.(2d) 227]; that one of the defendants, to wit, the chief enforcement agent, is a resident of the Eastern District of Texas and under section 113, title 28 U. S. C. (28 U.S.C.A. § 113), the suit was properly brought where one of the defendants resided. We agree with this contention, and the plea to the jurisdiction or venue, therefore, was correctly overruled.

If the plea of res judicata is good, then there is no occasion to pass upon the second assignment, involving the claim that plaintiffs should have proven their title.

■ In the suit filed in the state court, the Humble Oil & Refining Company intervened, as did some of the persons with relatives buried in the cemetery, and sought to prevent the granting of the permit for the drilling. All of the individual interveners except O. F. Smith, a white man, who had relatives buried in a cemetery for white persons adjacent to and immediately adjoining the colored cemetery, have withdrawn their objections; but the chief defendants in the suit, to wit, the members of the Railroad Commission and the enforcement officer, were and are present here and for the same reasons as in that case. The issues are the same as there; that is as to the reasonableness of the Commission's action in denying the permit. The judgment in the state court, which was not appealed from within the delays allowed by law, and is now final, was one of a general character and decreed "that plaintiffs take nothing by this suit and that defendants (members of the Railroad Commission and its Enforcement Officer) and intervenors have judgment against said plaintiffs for all costs in this behalf expended, and that they may have their execution, to which judgment plaintiffs in open court excepted." The only difference between that case and this is as stated earlier in this opinion; that plaintiffs simply moved the point at which they sought permission to drill 50 feet further north on the tract. If this could be allowed to avoid the effects of res judicata, the plaintiffs, by continuing their applications to the Commission for a permit, could bring as many suits as their counsel would see fit to advise, by simply changing the proposed location of the well a few feet at a time. This certainly cannot serve to distinguish the cause of action or the issues involved. As a matter of fact, the Commission, in dealing with the second application in the fall of 1934, after the first had been refused and the judgment of the state court in the summer of that year was final, treated the former as in the nature of a rehearing or reopening of the latter, and, after hearing, denied the same. We are of the view that every element essential to support res judicata is present, and that the said plea should have been sustained. McCray v. Sapulpa Petroleum Co. (C.C.A.) 21 F.(2d) 953; Sperry & Hutchinson Co. v. Blue (C.C.A.) 202 F. 82. See, also, Shell Petroleum Corporation v. Railroad Commission of Texas et al. (Tex.Civ.App. 3d District) 86 S.W.(2d) 57. The judgment below is reversed; and the plea of res judicata is sustained.

Reversed.