## MURPHY et al. v. TURMAN OIL CO.

### No. 8514.

Court of Civil Appeals of Texas. Austin.

Sept. 30, 1936.

Rehearing Denied Oct. 21, 1936.

Wm. McCraw, Atty. Gen., and Harry S. Pollard, Asst. Atty. Gen., for appellant Railroad Commission of Texas.

Felts, Wheeler & Wheeler, of Austin, and Saye & Saye, of Longview, for appellants C. H. Murphy and J. I. Roberts.

C. E. Cooper and J. H. Parsons, both of Tulsa, Okl., and Powell, Wirtz, Rauhut & Gideon, of Austin, for appellee.

BAUGH, Justice.

This is a rule 37 case. Appeal is from a judgment of the district court setting aside a permit granted by the Railroad Commission to appellants to drill a fourth well on 3.2 acres of land in the East Texas oil field in Rusk county, approximately 314 feet wide, north and south, and approximately 444 feet long, east and west. The well having been completed at the time of the trial, the trial court enjoined production therefrom and ordered the well plugged.

The original tract out of which the 3.2 acres here involved was carved consisted of a 100-acre tract, known as the Brightwell tract, rectangular in shape, running north and south, 505 varas wide and 1116 varas long, capable of development for oil and gas as a whole. On December 17, 1930, the owners thereof leased the east half of said 100-acre tract for oil and gas, the south 30 acres of said east half being held, through assignment, by appellee oil company at the time of the trial, on which it had ten producing wells.

On March 6, 1931, said fee owners of the 100-acre tract leased for oil and gas the south 20 acres of the west half of said 100-acre tract to W. D. Walton and four others jointly, said tract being 692.5 feet wide, east and west, and 1,258 feet long, north and south, and adjoining on the east the 30-acre tract of appellee. And on October 13, 1931, W. D. Walton and the other four joint owners assigned to the Houston Oil Company the north half of their 20-acre lease, or 10 acres thereof, approximately square in dimensions, retaining the lease on the south 10 acres of said 20-acre tract. The retained 10 acres was also approximately square in dimensions. At that time one well had been drilled on each of said 10-acre tracts. On November 1, 1932, the joint owners of the leasehold on the south 10-acre tract procured an agreed partition judgment of the district court of Rusk county, subdividing the leasehold on said 10 acres into six tracts, five of which contained 1.6 acres each and the other contained 2 acres. These subdivisions we have designated on the attached map as A, B, C,

486

D, E, and F. At the time of this subdivision rule 37 provided for spacing distances between wells of 660 feet, and 330 feet from property lines. The well on said 10-acre tract at the time of the partition by agreed judgment was located on the 2-acre tract marked D on the attached map.

to appellants herein. Through permits granted one well had been drilled, each as an exception to rule 37, near the center of each of said subdivisions, thus making six wells on said 10-acre tract. Further applications were made for two additional wells, one near the south end of each of subdi-

Thereafter, and prior to the Railroad Commission's order on the application here involved, the owners assigned the lease on subdivisions E and F in the S. W. corner of said 10-acre tract, aggregating 3.2 acres visions A and B. These were refused by the Railroad Commission. The applicants thereupon filed suit in the district court of Travis county against the commission to enjoin interference with the drilling of

these two wells. Such injunctions were granted, from which no appeal was prosecuted, and these two wells were drilled, thus giving two wells each on 1.6-acre tracts A and B. Thereupon appellants secured a second well near the north end of 1.6-acre subdivision F, thus giving them three wells on their 3.2 acres of land. Because of the drilling, under injunction, of the second well near the south end of subdivision B, they applied to the commission for a permit to drill an offset well, the one here involved, near the north end of subdivision E, thus giving them four wells on their 3.2 acres, being the same number located on the adjacent 3.2 acres contiguous to their leasehold on the north, and making, all told, ten wells on said 10-acre tract. The Railroad Commission granted this permit as an exception to prevent confiscation. The well was drilled to completion, and this suit brought by appellee, owner of the 30-acre lease to the east of and contiguous to the 10-acre subdivided tract. The relief was granted as above stated and this appeal prosecuted.

The foregoing statement brings the case clearly within the rule repeatedly announced by this court and approved by the Supreme Court. Sun Oil Co. v. Railroad Commission (Tex.Civ.App.) 68 S.W.(2d) 609; Humble Oil & Ref. Co. v. Railroad Commission (Tex.Civ.App.) 68 S.W.(2d) 622, affirmed by Supreme Court in Brown v. Humble Oil & Ref. Co., 83 S.W.(2d) 935, 99 A.L.R. 1107; Edgar v. Stanolind Oil & Gas Co. (Tex.Civ.App.) 90 S.W.(2d) 656 (writ ref.); Empire Gas & Fuel Co. v. Railroad Commission (Tex.Civ.App.) 94 S.W.(2d) 1240 (writ ref.). The 10-acre tract was voluntarily subdivided after the East Texas field had been developed, when rule 37 provided for spacings of 660-330 feet, and in such manner that such subdivisions could not be drilled without an exception to the rule. The mere fact that the subdivision of said land into small tracts was accomplished through an agreed partition judgment of the district court of Rusk county does not affect the applicability of the rule announced in our former decisions. Empire Gas & Fuel Co. v. Railroad Commission, supra. This question is now so well settled that further discussion of it here is unnecessary.

On the question of waste being caused by the drilling of such additional well, the record shows that this 10-acre tract was more densely drilled than any of the surrounding tracts of equal area, and that said well is within less than 600 feet of more than twenty wells. Appellants insist that witnesses testified, and the Railroad Commission has heretofore found, that the more numerous the wells drilled the greater will be the ultimate recovery of oil from a given pool. This question, however, has also heretofore been disposed of by us in Railroad Commission v. Marathon Oil Co., 89 S.W. (2d) 517, and need not be further considered here.

But, if it be conceded that appellants have such vested rights in the lease acquired by them that they are entitled to protect by adequate development under exceptions to rule 37, the trial court found, upon ample evidence to sustain such finding, as follows: "That the 3.2 acre subdivision belonging to the defendants, J. I. Roberts Production Company and C. H. Murphy, was and is amply protected from confiscation without the drilling of well No. 4 on said 3.2 acre tract, and that the undisputed evidence established that said tract with three producing wells thereon would, during the life of the field, recover more oil under the present methods of production as allowed by the Railroad Commission than was originally underlying the tract, and would produce more oil per acre than any of the surrounding leases, and that said tract, with three wells thereon through drainage of surrounding leases is at the present time, and was at the time the permit was granted, and at the time the suit was tried, producing more than its fair share of oil from the common pool per day, and it would continue to produce more than its fair share of the oil from the common pool during the life of the field with only three wells on the 3.2 acre tract, and the drilling and producing of a fourth well was not justified, and same was not needed in order to prevent confiscation of property; that said well No. 4 was not needed to prevent confiscation of either the 3.2 acre subdivision or the 10 acre subdivision out of which the 3.2 acres was voluntarily segregated, nor the 20 acre subdivision out of which the said 10 acres was voluntarily segregated, nor the 50 acre subdivision out of which the said 20 acres was voluntarily segregated, nor the 100 acre tract out of which the said 50 acres was voluntarily segregated."

It is now settled law that, even if it be granted that appellants had a vested right to an exception to rule 37, under the facts found by the trial court they already have all the wells thereon they would be legally entitled to. Brown v. Humble Oil & Ref. Co. (Tex.Sup.) 83 S.W.(2d) 935, 99 A.L.R.

1107; Sun Oil Co. v. Gillespie (Tex.Civ. App.) 85 S.W.(2d) 652.

It was not necessary as a prerequisite to the granting of said injunction that appellee show that appellants were insolvent and unable to respond in damages under the provisions of article 4644, R.S. See Humble Oil & Ref. Co. v. Railroad Commission (Tex.Civ.App.) 85 S.W.(2d) 813; Edgar v. Stanolind Oil & Gas Co. (Tex.Civ. App.) 90 S.W.(2d) 656 (writ ref.)..

Nor did the fact that appellee's 30-acre tract was not immediately adjacent to the 3.2 acre tract in question preclude it from bringing this suit. Its lease did adjoin the 10-acre block out of which said 3.2 acres was voluntarily carved. The east line of said 3.2 acres was only 249 feet from the west line of appellee's land, less than the 330 feet from property lines required by rule 37 at the time, and the evidence showed that, due to the porosity of the sand and the gas pressure in this field, drainage occurred at greater distances than this, and that appellee's lease would be affected by the additional well. Appellee was therefore an interested party within the meaning of the statute (Vernon's Ann.Civ.St. art. 6049c), and entitled to attack said order. Empire Gas & Fuel Co. v. Railroad Commission (Tex.Civ.App.) 94 S.W.(2d) 1240 (writ ref.)

While appellants assert other propositions as constituting error, what we have said disposes of the determinative issues of the case. The contentions made and not specifically discussed have been determined against appellants in the cases cited, and need not be further considered here. Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.