SMITH COUNTY OIL & GAS CO. et al. v.
HUMBLE OIL & REFINING CO.

No. 8578.

Court of Civil Appeals of Texas. Austin.

May 19, 1937.

Rehearing Denied Jan. 19, 1938.

Slay & Simon, of Fort Worth, and Pollard & Lawrence and Wm. S. Reeves, all of Tyler, for appellant Smith County Oil & Gas Co.

Wm. McCraw, Atty. Gen., and Harry S. Pollard, Asst. Atty. Gen., for appellant Railroad Commission of Texas.

Rex. G. Baker and R. E. Seagler, both of Houston, and Powell, Wirtz, Rauhut & Gideon, of Austin, for appellee Humble Oil & Refining Co.

BAUGH, Justice.

This is a rule 37 case. The Smith County Oil & Gas Company owned a lease on 3.66-acre tract of land in Gregg county, 513 feet long east and west, and 313 feet wide north and south, on which it had one producing well approximately in the center of the tract. After refusing a permit for a second well thereon, the commission, on April 18, 1934, granted a permit for a second well, "for the protection of vested rights," located approximately 96 feet west of its first well. The Humble, owner of an adjacent lease on the north, thereupon filed suit to set aside said permit, on the ground that such well would enable the Smith County Oil & Gas Company to recover more oil than was located beneath its tract; that it was already drilled more densely than surrounding tracts; that said tract was already protected from drainage with one well; that a second well would require drilling of offset wells; and that such additional well would cause underground waste.

The case was tried to a jury on one special issue, wherein they were asked whether under all the facts and circumstances the permit to drill such well No. 2 "was unjust or unreasonable." To this the jury answered that it was.

While no objection is here presented as to the form or substance of such issue, it is manifest, we think, that, as submitted, even if it did not constitute a question of law, it at least embodied a mixed question of law and fact.

No question of an unwarranted subdivision of a larger tract capable of development as a whole without exceptions to rule 37 is involved, and it is not controverted that the Smith County Oil & Gas Company is entitled to properly develop this tract of land so as to protect it against drainage, and is entitled to recover its fair share of oil in place beneath it. That being true, the necessity for a second well thereon to enable it to secure its fair share of oil beneath such tract, as compared with surrounding leases, was manifestly a matter clearly within the jurisdiction of the Railroad Commission to determine in its administration of the conservation laws. Under the repeated holdings of this court and of the Supreme Court, under such circumstances, the only matter with which the courts are concerned is whether or not there was substantial evidence before the Railroad Commission to sustain its order in the premises. While the appellant urges error in the misconduct of the jury (and we think it unquestionably appears that prejudicial misconduct did occur) and in the exclusion of evidence, first, of the purported finding of the commission, dated August 26, 1935, and, second, evidence of conditions surrounding this tract at the time of the trial; since we have reached the conclusion that there was sufficient evidence before the commission to sustain its order, these matters become immaterial.

Three petroleum engineers testified on the trial. Two of them were employees of the Humble, and it appears that, if said second well on the Smith County Oil & Gas Company tract is drilled, the Humble would be required to drill additional offset wells on its tract to the north. The other witness was a consulting petroleum engineer, employed by the Smith County Oil & Gas Company. The testimony, in the nature of expert opinions of these engineers, was widely divergent as to what spacing of wells is necessary to prevent waste. Their testimony as to the nature and extent of the drainage

from this tract by wells on surrounding tracts was considerably at variance. It appears from the record that if eight tracts of equal size and dimensions to that of the tract here involved, be delineated adjacent to and completely surrounding this 3.66-acre tract, each of such surrounding tracts would have one well located thereon. Of this number, however, the maps and plats in the record disclose that as many as seven of such wells are located nearer to the boundary line of the tract here involved than the one well on the Smith County Oil & Gas Company tract is to the corresponding tracts surrounding it. That is, in effect, that the surrounding wells were draining more oil from the Smith County Oil & Gas Company tract than its one well is draining from several of such other respective tracts. In brief, that a disparity of drainage existed in favor of several of the surrounding tracts of equal dimension; and that this disparity was not fully compensated by counter drainage of appellant's well in the center of the tract here involved. As above stated, this presented a situation coming clearly and expressly within the province of the Railroad Commission to determine. The Smith County Oil & Gas Company was entitled to an equal opportunity with the owners of surrounding leases to recover its fair share of the oil in place beneath its tract, and the facts above recited, all of which were disclosed to the Railroad Commission, were sufficient we think to justify the Railroad Commission in authorizing the second well on this tract. Consequently, their action in doing so cannot be said to be arbitrary and unreasonable. The matter of where it should be located, the application thereto of the proration laws in the equalization of production, and in maintaining proper bottom hole pressure in this area are likewise matters for the Railroad Commission to determine.

The objection of the appellee is not directed at the location of the well here involved on said tract, but is based upon the contention that the appellant was not entitled to any additional wells thereon.

Having reached the conclusion that there was substantial factual basis to support the order of the Railroad Commission granting the permit, the other contentions made on this appeal become immaterial, as do likewise the contentions presented by the Railroad Commission relating to the judgment of the court ordering the well to be plugged.

The contention of the Attorney General, however, that appellee did not show itself to be an interested party affected by the permit, within the purview of section 8, art. 6049c, Vernon's Statutes, authorizing it to prosecute this suit, is not sustained. Without discussing this question at length, it is manifest we think that if a well be authorized at a lesser distance from the adjacent leaseholder's property line than is prescribed by rule 37; and that if drilled, such adjacent owner will be required to drill offset or additional wells on his own property to protect it against undue drainage by such additional well, it is clear that he is an interested party, and that his rights will be affected by the granting of such permit, within the purview of the statute.

For the reasons stated, the judgment of the trial court is reversed, that portion of the judgment holding the permit attacked invalid is set aside, and the injunction granted is dissolved.

Reversed and rendered; injunction dissolved.