716

SANDERS et al. v. MIDSTATES OIL
CORPORATION et al.

No. 9257.

Court of Civil Appeals of Texas. Austin.
Oct. 14, 1942.

Motion for Rehearing Overruled
Nov. 18, 1942.

Second Motion for Rehearing Granted in
Part and in Part Overruled Dec.
9, 1942.

Ralph W. Yarborough and Hardy Hollers, both of Austin, for appellant Morgan G. Sanders.

Gerald C. Mann, Atty. Gen., and Ed Roy Simmons, Asst. Atty. Gen., for appellant Railroad Commission.

Leslie Neill, of Tyler, for appellee McMurrey & Fair, Inc.

C. E. Cooper and Charles W. Barnes, Jr., both of Tulsa, Okl., and Powell, Rauhut & Gideon and J. A. Rauhut, all of Austin, for appellee Midstates Oil Corporation and another.

McCLENDON, Chief Justice.

Rule 37 case. The appeal is from a final judgment cancelling a permit to drill an oil well on a .18-acre tract, which was voluntarily segregated from a .58-acre tract, which latter had previously been voluntarily segregated from a 5-acre tract in the East Texas Oil Field; and enjoining production thereunder. The appeal is by Sanders (the permittee) and the Railroad Commission.

The permit was applied for and the application granted as a protective well to the .18 a. tract, independently of the needs of the 5 a. tract for an additional well. However, the evidence showed without dispute that the 5 a. tract was already fully protected from both the density and compensatory offset drainage viewpoint. And it was conceded (as shown by the uncontradicted evidence and unexcepted to findings of the trial court) that the permit could not be supported upon the confiscation theory.

Upon the issue of waste the evidence was of the same general character as that in the

Trem Carr case (Railroad Comm. v. Shell Oil Co., Tex.Civ.App., 154 S.W.2d 507, affirmed, Tex.Sup., 161 S.W.2d 1022), and subsequent decisions of this court following that decision: namely, that the conditions testified to were not peculiar to this particular lease, but prevailed generally throughout that region of the field. Moreover, the trial court found against the waste theory and its findings were not excepted to by appellants.

Sanders has further assigned error upon the exclusion of certain proffered testimony of his witness Gordon Griffin. The record showing in this regard follows:

At the outset of the trial the court announced that objections to testimony made either by Sanders or the Commission "will be for the benefit of the other unless such benefit is disclaimed at the time." To which announcement Sander's attorney replied: "Yes. May it please the court, the defendant, Morgan Sanders, is aligned with the Railroad Commission in this case." Appellees thereafter introduced, without objection, the transcript of the testimony before the Commission "for the limited purpose of showing what transpired at the hearing before the examiner." Later appellees offered the witness Parker to show the physical facts relating to the issues of confiscation and waste. This testimony was objected to by the attorney for the Commission on the ground that the only testimony admissible was that heard by the Commission. There was no showing that Sanders did not concur in this objection, or that it was not made for his benefit as well as for that of the Commission. All this occurred before appellees had closed their case in chief, and before any evidence was offered by appellants. The excluded testimony of Griffin was offered by Sanders alone, and the bill of exceptions shows that he alone excepted to the ruling thereon. The brief of the Commission does not raise this point.

■ We sustain the action of the trial court on two grounds:

1. Sanders having, by acquiescence, obtained the exclusion of the testimony of the witness Parker, may not complain of the exclusion of his own witness's testimony on the same ground. Boatner v. Providence-Washington Ins. Co., Tex.Com.App., 241 S.W. 136, and 3 Tex.Jur., p. 1031.

■ 2. We have carefully examined the proffered testimony of Griffin as set out in full in the bill of exceptions and find that it

adds no material weight to the testimony given by him before the Commission, which was considered by the trial court and formed the basis of its judgment. If the testimony had been admitted it could not have changed the result of the suit.

Furthermore, this evidence had no bearing upon the issue of confiscation. The issue of waste was one in which the rights of the state and the public were represented by the Commission. See Railroad Comm. v. Shell Oil Co., Tex.Civ.App., 164 S.W.2d 773.

■ Sanders further assigns error upon the overruling of his motion to declare a mistrial predicated upon alleged error of the court in trying the case upon the theory that the appeal from the Commission order was not a trial de novo. As we have already shown Sanders was a party to and invited whatever error was involved in the trial court's action in this regard. The record shows that the trial was concluded and the case closed on June 20, 1941, and the court postponed argument thereon until July 12, 1941, on which date the motion was filed and presented. It was overruled and final judgment rendered on July 17, 1941. Under the circumstances Sanders was not entitled to a new trial. It should also be added that the motion was not verified and did not show in what particular a better case could be developed upon a new trial; or that a different result might thereby be achieved.

Appellees contend that the trial court's judgment should be upheld on the additional ground that the order was void because it was not made at a meeting of the Commission, but represented the individual action of two of the Commissioners only; and was therefore not an act of the Commission as a board. The point is in large measure, if not altogether, substantially the same as that urged and overruled in Sunshine Bus Lines v. Railroad Comm., Tex.Civ.App., 149 S.W.2d 228, which holding was followed in Houston, etc., v. Johnson, Tex.Civ.App., 159 S.W.2d 905. Writ of error was granted in each of these cases upon assignment questioning the correctness of this holding. See Tex. Ct. Rep. Vol. 9, p. 484, and Vol. 10, p. 373. The Sunshine writ was dismissed by agreement the day it was granted. The Johnson case was submitted in the Supreme Court July 8, 1942, where it is still pending. Under these circumstances we make no ruling on this point; but rest our decision upon the above holdings.

718

The trial court's judgment is affirmed. Affirmed.

Supplemental Opinion.

■ Since handing down our original opinion the Supreme Court in Webster v. Texas & P. M. T. Co., 166 S.W.2d 75, has held that orders of the Commission, in order to be valid, must be passed at a regular meeting of the Commission or at a special meeting called for that purpose, notice of the latter to be given to the several Commissioners. The trial court's findings of fact on this point read:

"(14) The application of defendant Sanders for permit to drill well No. 1 here involved was not heard or considered by the Railroad Commission of Texas sitting as a body, at a regular or special called meeting or session thereof, and was acted on by only two of the Commissioners.

"(15) Commissioners Jerry Sadler and Lon A. Smith discussed the Morgan G. Sanders permit application on December 17, 1940, and mutually agreed to grant the application. Commissioner Ernest O. Thompson was at Camp Bowie near Brownwood, Texas, that day and no notice was given him of the meeting between Commissioners Sadler and Smith."

These findings accord with the record showing. They were not excepted to.

Under the holding in the Webster case the order in issue is void and our affirmance of the trial court's judgment is rested upon this additional ground.

Appellants are given the privilege of filing within the usual 15-day period from this date a second motion for rehearing assigning error upon this additional holding, in which motion they may include the assignments in their original motion (this day overruled) which inclusion may be by reference only.