**RAILROAD COMMISSION et al. v. MAGNOLIA PETROLEUM CO. et al.**

No. 9352.

Court of Civil Appeals of Texas. Austin.

March 10, 1943.

Rehearing Denied March 31, 1943.

Saye & Saye, of Longview, for appellants Akin & Espy.

Walace Hawkins, of Dallas, and Dan Moody and J. B. Robertson, both of Austin, for appellee Magnolia Petroleum Co.

Black, Graves & Stayton and John W. Stayton, all of Austin, for appellee Ohio Oil Co.

BLAIR, Justice.

Rule 37 case. The Commission granted the application of appellants Akin and Espy for a permit to drill a second well on their 3½-acre lease in the Cadena Survey, Rusk County, Texas, upon the ground that the well was necessary to prevent waste and to prevent confiscation of oil. Appellees, Ohio Oil Company and Magnolia Petroleum Company, owners of adjoining leases, appealed from the order upon the ground that the second well was not necessary to prevent waste or confiscation. The de novo trial to the court without a jury resulted in judgment cancelling the permit and enjoining the production of oil from the well.

Appellants present two points for determination, as follows:

1. That appellees "failed to prove that the drilling of the well and the production of oil and gas from it would deprive them of a 'fair chance to recover the oil and gas in or under their land, or their equivalents in kind.'"

2. That "the Commission's finding that the well is necessary to prevent physical waste is supported by substantial evidence."

Under point "1" appellants seem to contend that appellees have no justiciable interest in the permit order in absence of a showing that they do not have a "fair chance to recover the oil and gas in or under their land, or their equivalents in kind." Appellees owned adjoining leases and showed that the proposed well would drain oil from them and would reduce the ultimate total production of oil therefrom. Under similar facts the contention made by appellants was overruled by the decisions in Railroad Commission v. Shell Oil Company, 139 Tex. 66, 161 S.W.2d 1022; Rabbit Creek Oil Company v. Shell Pet. Corp., Tex.Civ.App., 66 S.W.2d 737; Stanolind Oil Company v. Midas Oil Company, Tex. Civ.App., 123 S.W.2d 911, 913; Railroad Commission v. Humble Oil & Refining Company, Tex.Civ.App., 119 S.W.2d 728, writ refused; Railroad Commission v. Gulf Production Company, Tex.Civ.App., 115 S. W.2d 505; Smith County Oil & Gas Company v. Humble Oil & Refining Company, Tex.Civ.App., 112 S.W.2d 220; Murphy v. Turman Oil Company, Tex.Civ.App., 97 S.W.2d 485; Empire Gas & Fuel Company v. Railroad Commission, Tex.Civ.App., 94 S.W.2d 1240, writ refused; and Spear v. Humble Oil & Refining Company, Tex.Civ. App., 139 S.W.2d 212, writ dismissed.

With respect to the issue of waste raised by point "2", the facts generally are not different from the facts in Railroad Commission v. Shell Oil Company, 139 Tex. 66, 161 S.W.2d 1022; Sanders v. Midstates Oil Corporation, Tex.Civ.App., 166 S.W.2d 716; and Marine Production Co. v. Shell Oil Company, Tex.Civ.App., 165 S.W.2d 934, which state the rules as regards the exception to prevent waste of oil, and which deny wells under similar facts. The evidence on this issue showed that the "erratic conditions" relating to sand thickness, permeability of the sand, its porosity, the gas influences and pressure were not particular to this lease, but prevailed throughout the eight times area of the 3½-acre tract, and also in a larger area surrounding the tract. The potentials in this area are lower than the average in the entire field, the area being located in the eastern portion of the field, and porosity in this area is much lower than the entire field. In this area there are pumping and flowing wells intermingled, but that condition does not exist on the tract in question, because the well drilled on it in 1932 is still a flowing well. Appellants' witness testified that a well drilled on 10 acres in the eight times or slightly larger area surrounding the 3½-acre tract would produce 20% of the oil, one well to 5 acres 60%, and one well to 3½ acres 76% to 79% of the oil; and that more wells should be drilled while the pressure is high in order to obtain the most oil from the area or tract involved. This evidence does not show that the lease involved, as distinguished from the area involved, is beset with unusual conditions, and which would occasion waste if the well in question were not drilled. And summed up, the testimony of appellants' geologists is that if this entire "erratic" area were drilled more densely more oil would be ultimately recovered therefrom. Therefore, no unusual condition was shown which would call for an exception to the general spacing rule to prevent waste of oil on the 3½-acre tract under the rule announced by the cases last above cited.

The judgment of the trial court is affirmed.

Affirmed.