### POTTER et al. v. HUMBLE OIL & REFINING CO.
### No. 9385.

·Court of Civil Appeals of Texas. Austin.
June 30, 1943.

Rehearing Denied July 21, 1943.

Wheeler & Wheeler and C. A. Wheeler, all of Austin, for appellants.

E. E. Townes, Rex G. Baker, and R. E. Seagler, all of Houston, and Powell, Wirtz, Rauhut & Gideon and J. A. Rauhut, all of Austin, for appellee.

BLAIR, Justice.

This is a Rule 37 case. The Commission granted a permit to drill a fourth well on appellants' 2.21-acre tract of land in Gregg County, Texas, "to prevent confiscation of property." The trial court cancelled the permit and enjoined the production of oil from the well. Appellants seek to set aside the judgment upon two grounds:

1. "Because appellee's evidence was insufficient to overcome the prima facie validity of the permit."

2. "Because appellee's evidence was insufficient to show that• appellee was or would be injured or damaged by the drilling and operation of the well."

Neither contention is sustained.

The undisputed evidence gave the 2.21-acre tract an advantage under comparison of density of drilling and daily allowable per acre. The areas compared were eight times equidistant rectangle, circular, and rectangles extending 330 and 660 feet from the sides of the 2.21-acre tract. The 2.21-acre tract and all surrounding tracts have produced nine years, and each still has in place the same amount of oil as was originally in place due to the natural migration of oil to these leases, and each will produce for an estimated 20 years. The undisputed evidence also showed that the 2.21-acre tract with three

wells already on it was draining more oil from adjoining leases than the adjoining leases were draining from it; and that this advantage in net drainage would continue with the three wells and would be greatly increased with the fourth well in question. The bottom hole pressure under the 2.21-acre tract was slightly higher than appellee's lease, which would cause oil to more readily drain away from the 2.21-acre tract to the lower pressure areas, but this condition was offset by the greater density and the resulting greater allowable per acre on appellants' lease; and the denser drilling already on the 2.21-acre tract and the Estelle tract lying between appellants' and appellee's leases would cause pressure differential and uneven encroachment and fingering of water toward such densely drilled area, which resulted on the date of the permit to a difference of only three to four pounds and which would in the future eliminate any such difference in pressure. This undisputed evidence showed that the fourth well on the 2.21-acre tract was not necessary to prevent confiscation of property under the decisions on similar facts in the cases of Atlantic Oil Prod. Co. v. Railroad Commission, Tex.Civ.App., 85 S.W.2d 655; Atlantic Refining Co. v. Buckley, Tex.Civ.App., 123 S.W.2d 413; Empire Gas & Fuel Co. v. Railroad Commission, Tex.Civ.App., 94 S.W.2d 1240; Gulf Land Co. v. Atlantic Refining Co., 134 Tex. 59, 131 S.W.2d 73; Murphy v. Turman Oil Co., Tex.Civ.App., 97 S.W.2d 485; Railroad Commission et al. v. Gulf Prod. Co., 134 Tex. 122, 132 S.W.2d 254; Railroad Commission v. Humble Oil & Refining Co., Tex.Civ.App., 119 S.W.2d 728; Railroad Commission v. Magnolia Pet. Co., Tex. Civ.App., 120 S.W.2d 550; Railroad Commission v. Shell Oil Co., 139 Tex. 66, 161 S.W.2d 1022; Smith County Oil & Gas Co. v. Humble Oil & Ref. Co., Tex.Civ. App., 112 S.W.2d 220; Spear v. Humble Oil & Ref. Co., Tex.Civ.App., 139 S.W.2d 212; Sun Oil Company et al. v. Gillespie, Tex.Civ.App., 85 S.W.2d 652; Ward Oil Co. v. Overton Refining Co., Tex.Civ.App., 139 S.W.2d 292, 293.

■■ The contention that appellee did not show injury or damage resulting to it from drilling or operation of the well in question is not sustained. The Estelle tract, a narrow strip, is between appellee's and appellant's leases. Appellee's lease is 200 feet from the lease of appellants. The undisputed evidence showed that the great-

er density of drilling and allowables on the leases of Estelle and appellants caused drainage and would continue to cause drainage of oil from the land of appellee to this more densely drilled area with the wells now in existence; and that the drilling of the fourth well in question would increase such drainage; and that the fourth well would reduce appellee's ultimate recovery of oil from its lease through drainage, lowering of the pressure and increasing of the viscosity of the oil. Empire Gas & Fuel Co. v. Railroad Commission, supra, and Murphy v. Turman Oil Co., supra. The fact that appellee has or will produce the equivalent of oil originally in place under its lease is not the controlling issue. Appellee has the same right to recover its fair share of the oil which migrates to its lease as do appellants, and is entitled to protection of its right in the oil currently in place beneath its tract. Railroad Commission v. Magnolia Pet. Co., Tex.Civ.App., 169 S.W.2d 253; Spear v. Humble Oil & Refining Co., Tex.Civ.App., 139 S.W.2d 212.

The judgment of the trial court is affirmed.

Affirmed.