## CHESBROUGH *v.* NORTHERN TRUST COMPANY, EXECUTOR OF SCHREIBER, ET AL.

ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

No. 206. Argued January 30, 1920.—Decided March 1, 1920.

Judgment sustained as in accord with a stipulation to abide the final result of *Chesbrough* v. *Woodworth*, 244 U. S. 72. P. 83.

In an action in tort the amount involved is the damages claimed if the declaration discloses nothing rendering such a recovery impossible and no bad faith appears. P. 84.

After a case of that character has been removed by defendant from a state court and judgment rendered against him in the District Court and Circuit Court of Appeals, it would require very clear error to justify this court in denying the jurisdiction upon the ground that the requisite amount was not involved. *Id.*

251 Fed. Rep. 881, affirmed.

THE case is stated in the opinion.

*Mr. Thomas A. E. Weadock* for plaintiff in error.

*Mr. Edward S. Clark,* with whom *Mr. John C. Weadock* was on the brief, for defendants in error.

Memorandum opinion under direction of the court, by MR. JUSTICE MCREYNOLDS.

Each of the three defendants in error instituted a suit against plaintiff in error for damages suffered by reason of his action as a director of the Old Second National Bank, Bay City, Michigan. These were consolidated in the District Court, and thereafter all parties stipulated that, as the facts were approximately the same as in *Woodworth* v. *Chesbrough et al.* (No. 137), the

"causes shall in all respects and as to all parties therein, be governed and concluded by the final result in the said case" and "that if and when final judgment is entered upon the verdict heretofore rendered in said case Number 137, or on any verdict that may hereafter be rendered therein and when proceedings (if any) for the review of said judgment have been concluded or abandoned so that execution may be issued thereon, then judgment shall be forthwith entered and execution issued in the above entitled causes," for specified amounts.

A judgment against Chesbrough in No. 137 having been affirmed here (244 U. S. 72), the District Court, purporting to enforce the stipulation, entered judgments for defendants in error; and this action was properly approved by the Circuit Court of Appeals. 251 Fed. Rep. 881. See 195 Fed. Rep. 875; 221 Fed. Rep. 912.

Plain provisions of the stipulation were rightly applied. The objection, based upon alleged insufficiency of the amount involved, which plaintiff in error urges to the District Court's jurisdiction of the cause first instituted by Mrs. Smalley in the state court and thereafter removed upon his petition, is without merit. The action is in tort; alleged damages exceed the prescribed amount; the declaration discloses nothing rendering such a recovery impossible; no bad faith appears. At this stage of the cause it would require very clear error to justify a negation of the trial court's jurisdiction. *Smithers* v. *Smith*, 204 U. S. 632, 642, 643.

The judgment of the court below is

*Affirmed.*