## GULF LAND CO. v. ATLANTIC REFINING CO. et al.

## RAILROAD COMMISSION OF TEXAS et al. v. SAME.

## No. 9514.

Circuit Court of Appeals, Fifth Circuit.

July 23, 1940.

Rehearing Denied Sept. 16, 1940.

W. B. Harrell and Russell Allen, both of Dallas, Tex., and W. W. Heath, of Austin, Tex., for appellant Gulf Land Co.

Gerald C. Mann, Geo. W. Barcus, James P. Hart, Ed. Roy Simmons, and Edgar W. Cale, all of Austin, Tex., for appellants Railroad Commission of Texas and others.

John W. Stayton, of Austin, Tex., for appellees Atlantic Refining Co. and others.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

Brought as a statutory suit under Section 8, Article 6049c, Vernon's Texas Statutes 1936,[1] and also as a suit in defense of rights granted by the First Article of the State Constitution, Vernon's Tex.St. 1936, and the 14th Amendment to the Federal Constitution, the suit was to hold invalid and cancel an order granting a drilling permit to the Gulf Land Company, and to enjoin the production of oil from the well it authorized. The claim was that the order, nominally "to prevent confiscation of property and to prevent physical waste," could not stand, because (1) the issues involved in the application and hearing had been finally adjudicated adversely in Atlantic Refining Company v. Gulf Land Company et al., Tex.Civ.App., 122 S.W.2d 197, and (2) if the judgment there was not res judicata, the finding and order that the granting of the permit would prevent waste or confiscation of property is without support in the evidence.

The defense was (1) lack of jurisdictional amount, (2) a denial that the former judgment was res judicata, and (3) an insistence that the commission's finding and order that the permit was necessary to prevent waste and confiscation was supported by evidence and so supported, must stand.

The District Judge, agreeing with plaintiff that there was diversity and the requisite jurisdictional amount, that the pleaded judgment was a bar, and that if not, the commission's finding and order was without support in the evidence found, and entered judgment, for plaintiff, for cancellation of permit and for injunction as prayed. Defendants, appealing from the judgment, urge upon us that the court was without jurisdiction for want of a sufficient amount in controversy and that if there was jurisdiction, there was error in sustaining plaintiff's plea of res judicata and its claim that the order for the permit was entered without substantial evidence to support it.

We do not find it necessary to determine whether, as appellees insist, the jurisdictional amount is determined by the value of the well for which the permit was granted or, as appellants insist, by the amount of damage the operations under the permit will cause appellees. For, we think it certain that appellees' pleadings and proof satisfy the jurisdictional requirements of either theory, Chesbrough v. Northern Trust Co., 252 U.S. 83, 40 S. Ct. 237, 64 L.Ed. 470; Saint Paul Mercury Indemnity Co. v. Cab Company, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845; American Smelting & Refining Co. v. Godfrey, 8 Cir., 158 F. 225, 14 Ann.Cas. 8; McNutt v. General Motors Acceptance Corporation, 298 U.S. 178, 179, 56 S.Ct. 780, 80 L. Ed. 1135; KVOS, Inc. v. Associated Press, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183; and that the action of the District Judge in assuming and retaining jurisdiction was right.

But on the merits the matter stands differently. Under the settled law of Texas as carefully laid down in Gulf Land Co. v. Atlantic Refining Co., 134 Tex. 59, 131 S.W.2d 73, and in later cases citing it, it is beyond question that the commission is primarily charged with the duty of, and vested with a wide discretion in, determining whether a permit should be granted. It is equally beyond question that in the special statutory action, to set the order aside, provided by Article 6049c,[2] unless it appears that its finding and order is unsupported by substantial evidence, the order must stand. For the court may not substitute its judgment or

---

[1] "Any interested person affected by the conservation laws of this State relating to crude petroleum oil or natural gas, and the waste thereof, including this Act, or by any rule, regulation or order made or promulgated by the Commission thereunder, and who may be dissatisfied therewith, shall have the right to file a suit in a Court of competent jurisdiction in Travis County, Texas, and not elsewhere, against the Commission, or the members thereof, as defendants, to test the validity of said laws, rules, regulations or orders."

[2] Cf. Alpha Petroleum Co. v. Terrell et al., 122 Tex. 257, 59 S.W.2d 364.

opinion for that of the commission. It is settled too in the Gulf Land Case[3] and in the later cases citing it[4] that though the judicial rule of res judicata is not applied, where there has been no litigation, to prevent the commission from hearing again an application which it has denied once or even twice, it does apply in full force where there has been a judgment, unless the applicant shows that different conditions have arisen and are operative since the former hearing. But while these cases make it plain that the rule of res judicata is applied in these statutory suits, they make it equally plain that since what is in issue in them is the validity of the finding and order of the commission, there is res judicata only as to the issue or issues on which the commission actually rests its findings and order.[5] In the Gulf Land Company case, relied on here, as res judicata or estoppel by judgment, the commission's order, then struck down, was based alone on prevention of confiscation, and it was there determined that only that matter was at issue in the suit. Appellants therefore are right in their contention that the judgment in that case is not res judicata as to the action of the commission, on this hearing in granting the permit on the grounds of waste. But it is appellees who are right and appellants who are wrong in respect of appellees' claim that the evidence shows new conditions upon the issue of confiscation which prevent the judgment relied on as res judicata on that issue from having that effect. What was really decided in that case was that under Rule 37 and the rule of May 29, 1934, the well permit must be considered as applied for, not for the segregated 1.11 acre tract, a subdivision of a 2.35 acre tract, itself a subdivision of a 6.88 acre tract, but for the 6.88 acre tract as a whole, and that the wells already on the 6.88 acre tract were in such disproportion to those on adjoining tracts that on the evidence it must be said as matter of law that it was not necessary to permit the drilling of another well thereon to prevent confiscation. The facts which appellants claim make the situation different now from what it was when the permit was granted before do not do so. They merely show that there has been a lessening of some of the great disadvantages, under which owners of tracts adjoining the 6.88 acre tract have been laboring. They do not show that all of these disadvantages have been taken away, much less do they show that the 6.88 acre tract has been put at a disadvantage requiring the issuance of the permit to prevent confiscation.

■ We agree with the District Judge therefore that on the question of confiscation the pleaded judgment was res judicata of that issue. But the order of the commission is not so solely rested. It is rested also on a finding that the granting will prevent waste and in our opinion the District Judge erred in holding that the testimony of Griffin to that effect was not credible and that there was no substantial evidence to support the finding. Griffin's testimony is positive and direct and in the absence of evidence to the contrary must, we think, be accepted as sufficient. Certainly it may not be wholly disregarded for the courts possess no knowledge of facts on which to base a contrary opinion. What the District Judge really did was to say that the commission could not determine that the permit should be granted to prevent waste, because such a conclusion would be wholly inconsistent with Rule 37 and with the commission's practices in granting and rejecting permits in the past on wholly different considerations and that if permitted in this case, it would lead inevitably to the conclusion that all applicants for wells must have permits, for Griffin testified, the more wells there are, the more will be withdrawn and the less waste there will be.

■ But, this will not do as a reason for setting the commission's order aside. For as pointed out in the Gulf Land and other Texas cases, the commission has the right and it is its duty, in determining whether a permit should be granted on the grounds of waste, to consider the whole question of the proper administration of the field to prevent waste, taking into that

3 Cf. Magnolia Pet. Co. v. New Process Co., 129 Tex. 617, 104 S.W.2d 1106.

4 Railroad Commission of Texas v. Gulf Production Co., 134 Tex. 122, 132 S.W.2d 254; Spear v. Humble Oil & Refining Co., Tex.Civ.App., 139 S.W.2d 212; Gulf Oil Corp. v. York, Tex.Civ.App., 134 S.W.2d 502; Shell Pet. Corp. v. Railroad Comm., Tex.Civ.App., 86 S.W.2d 57; Id., Tex. Civ.App., 137 S.W.2d 797.

5 Cf. Aurora City v. West, 7 Wall. 82, 102, 19 L.Ed. 42; Opelousas-St. Landry v. United States, 5 Cir., 66 F.2d 41.

consideration questions of both underground and overground waste. And it is for the commission upon the whole testimony to determine whether there was or would be such waste as to require the granting of the permit in question here.

In view of the state of the law in Texas we think it quite clear that in the statutory suit provided for review of the commission's orders, it was beyond the province of the court to reject the evidence of Griffin as incredible and overthrow the order of the commission based thereon. Viewed then as a statutory suit to set aside the order of the commission, the suit must fail because with the evidence of Griffin in the record, it may not be said that there is no substantial evidence to support the finding that the granting of the permit is necessary to prevent waste.

As to the constitutional suit, assuming without deciding that plaintiff may bring the special action the statute provides for review of the commission's order, and in the same suit may attack the order as invalid on constitutional grounds, we think it perfectly clear that no constitutional rights of plaintiff which ought to be redressed by injunction have been invaded here. As we have seen, the commission is authorized as statutory agent of the state to conserve its resources of oil and gas and in doing so to prorate oil fields and grant permits for drilling and operating wells therein. It has, on evidence supporting its finding, granted the permit in question. Plaintiff is therefore without standing in the statutory action, to prevent the operation of the well under that permit. And immune from successful attack in the statutory action the order as well as the operator is also immune from attack on constitutional grounds. This is settled by both state and federal decisions. Cf. Magnolia Petroleum Co. v. Blankenship, 5 Cir., 85 F.2d 553; R. R.

Commission of Texas v. Rowan & Nichols Oil Co., 60 S.Ct. 1021, 1024, 84 L.Ed. ——. In Blankenship's case at page 557 of 85 F.2d, we carefully pointed this out. While in Rowan's case, the Supreme Court points it out again. "Except where the jurisdiction rests, as it does not here, on diversity of citizenship, the only question open to a federal tribunal is whether the state action complained of has transgressed whatever restrictions the vague contours of the Due Process Clause may place upon the exercise of the state's regulatory power. A controversy like this always calls for fresh reminder that courts must not substitute their notions of expediency and fairness for those which have guided the agencies to whom the formulation and execution of policy have been entrusted.

"General as these considerations may be, they are decisive of the present case. Both the District Court and the Circuit Court of Appeals appear to have been dominated by their own conception of the fairness and reasonableness of the challenged order. For all we know, the judgment of these two lower courts may have been wiser than that of the Commission, and their standard of fairness a better one. * * * Certainly in a domain of knowledge still shifting and growing, and in a field where judgment is therefore necessarily beset by the necessity of inferences bordering on conjecture even for those learned in the art, it would be presumptuous for courts, on the basis of conflicting expert testimony, to deem the view of the administrative tribunal, acting under legislative authority, offensive to the Fourteenth Amendment. Compare South Carolina Hwy. Dept. v. Barnwell Bros., 303 U.S. 177, 191, 58 S.Ct. 510, 517, 82 L.Ed. 734, et seq."

The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.

Reversed and remanded.