## BURKS v. TEXAS CO.
### No. 14671.

United States Court of Appeals
Fifth Circuit.
March 31, 1954.

Gordon M. White, Baton Rouge, La., for appellant.

D. Douglas Howard, Richard S. Lake, New Orleans, La., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

HOLMES, Circuit Judge.

This is an action for damages to land in Louisiana, allegedly resulting from a geophysical trespass thereon by the appellee. The case went to trial on the merits and, at the conclusion thereof, the court below was of the opinion that

445

the amount involved was not sufficient to confer jurisdiction on the federal district court in a controversy wholly between citizens of different states. Consequently, the suit was dismissed for want of federal jurisdiction. The appellant attacks the judgment of dismissal on the ground that it was not proper for the judge to dispose of a jurisdictional issue on a motion for a directed verdict for the defendant as to the merits. The appellant further claims that the amount in controversy exceeded the jurisdictional requirement.

■ A question of federal jurisdiction may be raised at any time either by the court *sua sponte* or by motion of any interested party. There was no issue raised in the court below as to whether the plaintiff's allegation as to the amount in controversy was made in good faith. It was averred that the information illegally gained by the trespass was worth $12,000, and that the value of the land was reduced $28,000 by the survey wrongfully made by the defendant. In addition, it was alleged that the amount in controversy, exclusive of interest and costs, exceeded the sum of $3000.

■ In the case of Olan Mills, Inc., v. Enterprise Publishing Company, 5 Cir., 210 F.2d 895, where the allegation of the complaint was that the matter in controversy exceeded the sum of $3000, exclusive of interest and costs, the court held that this was sufficient unless it appeared to a legal certainty elsewhere in the complaint or by proof *aliunde* that the sum of over $3000, exclusive of interest and costs, was not involved. In the just-cited case the court found nothing in the record or proof to indicate a lack of good faith on the part of the plaintiff in seeking to recover damages in excess of three thousand dollars. In St. Paul Mercury Indemnity Co. v. Red Cab Company, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845, the court said: "It must appear to a legal certainty that the claim is really for less than the jurisidictional amount to justify dismissal." Dobie's Federal Procedure says that the amount in controversy is always to be determined by the value to the plaintiff of the right that he in good faith asserts in his pleading, alleging the operative facts constituting his cause of action; and only the value of the right directly in issue in the particular suit, not the collateral effect of the judgment, may be considered in making up the necessary jurisdictional amount. Sec. 56, p. 133, 1928 Edition. See also 38 Harvard Law Review, p. 733.

■■ This is an action at law for a money judgment by an integral plaintiff against an integral defendant, and the amount in controversy is the amount of money sought in good faith to be recovered by the plaintiff. This is also an action for unliquidated damages, where the amount in controversy is ordinarily the sum claimed by the plaintiff in good faith; it is not the amount that he ultimately recovers. Wiley v. Sinkler, 179 U.S. 59, 65, 21 S.Ct. 17, 45 L.Ed. 84; Chesbrough v. North Trust Co., 252 U.S. 83, 40 S.Ct. 237, 64 L.Ed. 470. See also Barry v. Edmunds, 116 U.S. 550, 6 S.Ct. 501, 29 L.Ed. 729, where plaintiff's property had been levied upon and carried away for a tax of $56.34; and the court said: "The plaintiff is not limited in his recovery to the mere value of the property taken. That would not necessarily cover his actual, direct, and immediate pecuniary loss." A valid defense to a cause of action, apparent on the face of the complaint, does not diminish the amount that is claimed, nor determine what is the matter in dispute. Schunk v. Moline, Milburn & Stoddart Co., 147 U.S. 500, 505, 13 S.Ct. 416, 37 L.Ed. 255; Smithers v. Smith, 204 U.S. 632, 642, 27 S.Ct. 297, 51 L.Ed. 656, 659. The amount recovered or the failure of the plaintiff to recover anything does not determine jurisdiction. Scott v. Donald, 165 U.S. 58, 17 S.Ct. 265, 41 L.Ed. 632.

■■ The motion for a directed verdict in the court below was based on two grounds: first, that no proof of trespass had been shown; second, that no proof of damage had been shown up to the jurisdictional amount. The court

ruled that the first ground of the defendant's motion was not well taken, and that there was sufficient evidence on this point to warrant submission of the case to the jury. We concur in this ruling; but the court sustained the motion on the second ground and dismissed the complaint for want of federal jurisdiction. This ruling was based on the ground that there was no evidence on which the jury could determine the amount of plaintiff's damages, other than his own statement of $2.00 per acre, plus one dollar rental. As the number of acres involved was only 800, the court held that the jurisdictional amount was lacking. We think that the wrong test was applied to the solution of the jurisdictional question. The question was not the amount of damages that the jury, in its discretion and by its verdict, was authorized to assess, but the amount of damages claimed by the plaintiff in good faith.

█ Prior to the time that the court below ruled on the merits of the case, it did not appear to a legal certainty that the plaintiff could not recover damages in excess of $3000. It must appear to a legal certainty, prior to a decision on the merits, that the claim is really for less than the jurisdictional amount to justify dismissal for want of jurisdiction. The federal courts are limited in their jurisdiction, but in an action of this character the good faith of the plaintiff is determinative of the issue if there is any reasonable basis to support the good faith asserted by him as to the amount claimed.

The plaintiff may not arbitrarily name an excessive figure above the jurisdictional amount, and the court below did not find that he had done so in this case. Only nominal physical damage was done to the land by the defendant's trespass, but there was a substantial basis for the plaintiff's claim that the market value of his land was reduced at least to the extent of $12.00 an acre by the wrong and injury committed by the defendant. The mere fact that the plaintiff's complaint on its face shows that there may be a defense, and even a perfect defense, to so large a part of his claim as may leave the balance below the jurisdictional amount, is not sufficient to oust the jurisdiction, for who can say in advance that the defense will be presented by the defendant or, if presented, sustained by the court.

A claim evidently fictitious in character, and alleged merely to create a jurisdictional amount, is insufficient to give jurisdiction. No mere pretense as to the amount in dispute will avail to create jurisdiction; but here there was no pretense; the plaintiff in evident good faith asserted a right to recover over $3000, exclusive of interest and costs. In Scott v. Donald, supra, it was held that the circuit court had jurisdiction in spite of the fact that the plaintiff recovered only three hundred dollars; but in an action *ex contractu* upon a liquidated claim, the court has no jurisdiction unless such liquidated claim exceeds the requisite jurisdictional amount. It makes no difference what damages the plaintiff may demand if his petition, complaint, or declaration, shows that the amount in controversy cannot exceed a sum which is below the amount required to give the court jurisdiction. Lee v. Watson, 1 Wall. 337, 17 L.Ed. 557; Rose on Federal Jurisdiction (2nd Ed.), Sec. 191, p. 185.

In a tort action, which this is, the amount in controversy is that which the plaintiff in good faith, and upon a reasonable factual basis, seeks to make the defendant pay; not the amount which the judgment says he must pay. Accordingly, the judgment appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion. Bell v. Preferred Life Assurance Society, 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15; Turmine v. West Jersey & Seashore R. Co., D.C., 44 F.2d 614; Calhoun v. Kentucky-West Virginia Gas Co., 6 Cir., 166 F.2d 530, 531; Mercer v. Byrons, 1 Cir., 200 F.2d 284; Columbia Pictures Corp. v. Rogers, D.C., 81

F.Supp. 580, 583; 54 Am.Jur., United States Courts, Sections 127–132, pp. 760–765; 36 C.J.S., Federal Courts, § 310, note 86; 1 Barron and Holtzoff, Federal Practice and Procedure, Sections 24 and 254.

Reversed.