Julie **FARR**, Plaintiff,

v.

**THE GONZO CORPORATION,**
Defendant.

No. 01CIV.2337RMBKNF.

United States District Court,
S.D. New York.

June 25, 2001.

G. Oliver Koppell, Law Offices of G. Oliver, Koppell & Associates, New York, NY, for Julie Farr, plaintiff.

Daniel Owen Dietchweiler, Rubin & Fiorella, L.L.P., New York, NY, for The Gonzo Corp., defendant.

## DECISION AND ORDER

BERMAN, District Judge.

### I. Background

On or about February 20, 2001, Julie Farr ("Plaintiff") filed a civil (class) action against the Gonzo Corporation ("Defendant") in the Supreme Court of the State of New York, Bronx County. Plaintiff claims: (1) that Defendant failed adequately to warn Plaintiff and other alleged class members of the hazards in using Gonzo Stain Remover; (2) that Defendant violated New York General Business Law § 349 by making false claims, misrepresentations and omissions in the promotion and labeling of Gonzo Stain Remover; (3) that Defendant's misrepresentations and omissions constitute false advertising in the conduct of business, trade or commerce and thus violate New York General Business Law § 350; and (4) that Defendant's failure to warn Plaintiff and other alleged class members of the danger in using Gonzo Stain Remover constitutes a violation of 15 U.S.C. § 123. (Plaintiff's Complaint, dated February 8, 2001, p. 6,7,8) ("Complaint"). Plaintiff seeks injunctive relief and monetary damages. (Complaint, p. 9).

On or about April 20, 2001, Defendant removed this case to Federal Court. Defendant based its removal motion on: (1) 28 U.S.C. § 1332, for actions where there is diversity of parties and where the amount likely to be recovered is $75,000 or more (28 U.S.C. § 1332(a) and (b)); and (2) 28 U.S.C. § 1331, where the action arises under Federal law.[1] On May 16, 2001, Plaintiff filed the instant motion to remand the action to State Supreme Court, asserting that this Court lacks subject matter jurisdiction.

---

1. Defendant raised Federal question jurisdiction for the first time in its Memorandum of Law in Opposition to Motion to Remand, dated June 12 2001 ("D.'s Memorandum").

For the reasons set forth below, the Court denies Plaintiff's motion to remand.

## II. Analysis

### A. Diversity Jurisdiction

28 U.S.C. § 1332(a) provides that:

The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

(1) citizens of different States...

28 U.S.C. § 1332(a). With regard to corporations, 28 U.S.C. § 1332(c)(1) states that:

[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business ...

28 U.S.C. § 1332(c)(1).

■ Neither Plaintiff nor Defendant contests that diversity of parties exists. Defendant, a corporation, is a citizen of Massachusetts, where it is incorporated and has its main place of business. (Notice of Removal, p. 2). Plaintiff is a citizen of New York. (Complaint, p. 2). And, even if members of the alleged class turned out to include citizens of Massachusetts, "diversity would not be defeated, since a class action may be maintained in federal court so long as the representative parties are completely diverse." *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir.2000), *citing Snyder v. Harris*, 394 U.S. 332, 340, 89 S.Ct. 1053, 22 L.Ed.2d 319.

With respect to "amount in controversy," Defendant asserts that "a jury in Manhattan could award well in excess in [sic] the requisite $75,000 amount in controversy." (D.'s Memorandum, p. 4). Plaintiff alleges that "damages of individual class members are certain to be well below the $75,000 threshold required for Federal jurisdiction to lie." (Memorandum, p. 1).

■ In an action for monetary damages brought in or removed to Federal courts, the plaintiff's claim for damages will ordinarily be relied upon to determine the amount in controversy for jurisdictional purposes. *See, e.g., Scott v. Donald,* 165 U.S. 58, 17 S.Ct. 265, 41 L.Ed. 632 (1897); *Chesbrough v. Northern Trust Co.,* 252 U.S. 83, 40 S.Ct. 237, 64 L.Ed. 470 (1920). "In general, a court will rule on this issue by considering the pleadings and other papers submitted..." and " 'the sum claimed by the plaintiff controls, if the claim is apparently made in good faith.' " *Yonofsky v. Wernick,* 362 F.Supp. 1005, 1017 (S.D.N.Y.1973), *quoting Saint Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938). While Plaintiff's complaint does not specify the amount of damages sought, (Complaint, p. 9), Plaintiff's Memorandum of Law, dated April 20, 2001, states that "damages of individual class members are certain to be well below the $75,000 threshold ..." (Memorandum of Law, dated April 20, 2001, p. 1). Plaintiff's estimation of the amount in controversy is accepted, and, accordingly, this Court would not have subject matter jurisdiction over this action based solely on 28 U.S.C. § 1332.

### B. Federal Question Jurisdiction

■ 28 U.S.C. § 1331 provides that:

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, law or treaties of the United States.

28 U.S.C. § 1331. A Federal claim vests the court with jurisdiction unless "it clearly appears to be immaterial or made solely for the purpose of obtaining jurisdiction, or where the claim is wholly insubstantial or

frivolous." *Bell v. Hood,* 327 U.S. 678, 683, 66 S.Ct. 773, 90 L.Ed. 939 (1946). Where a Federal question is properly presented, there is no (minimum) amount in controversy requirement. Defendant asserts that Plaintiff's Federal claim "invokes Federal jurisdiction." (D.'s Memorandum, p. 8).[2] Plaintiff's Federal claim cannot be said to have been "made solely for the purpose of obtaining jurisdiction;" nor is it "wholly insubstantial and frivolous." *Bell,* 327 U.S. at 683, 66 S.Ct. 773.

■ Where Federal question jurisdiction exists, the Court has supplemental jurisdiction to adjudicate other claims. 28 U.S.C. § 1367 provides that:

> (a) . . . [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367 ("Section 1367"). In *United Mine Workers of America v. Gibbs,* the Supreme Court outlined a three-pronged test for determining whether a Federal court has jurisdiction over pendent state claims. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). It stated: (1) the Federal claim must be sufficiently substantial; (2) the Federal and state claims must arise out of the same nucleus of operative facts; and (3) the plaintiff "would ordinarily be expected to try [the Federal and state claims] in one judicial proceeding." *See United Mine Workers of America,* 383 U.S. at 725, 86 S.Ct. 1130. The *United Mine Workers* test is met here.

Plaintiff's claim that Defendant's failure to warn Plaintiff and other putative class members of the danger of using Gonzo Stain Remover constitutes a violation of 15 U.S.C. § 123 is substantial; arises out of the same nucleus of operative facts as Plaintiff's other claims; and would ordinarily be expected to be tried in the same judicial proceeding as the state claims.

### III. Conclusion and Order

For the reasons stated above, the Court finds that it has subject matter jurisdiction over the instant case and, therefore, denies Plaintiff's motion to remand this action to state court.

**The Court believes that this case is susceptible to early resolution. The parties are directed forthwith to engage in good-faith settlement negotiations and to set a July settlement conference with the Court Deputy.**

---

2. Plaintiff does not address whether or not her Federal claim confers subject matter jur- *isdiction upon this Court.*