**SHELL OIL CO. et al. v. RAILROAD COMMISSION et al.**

No. 10023.

Court of Civil Appeals of Texas. Austin.

March 19, 1952.

Rehearing Denied April 8, 1952.

Paxton Howard, Midland and J. B. Robertson, Austin, for Shell Oil Co.

Rayburn L. Foster, Harry D. Turner, Bartlesville, Okl., John E. Morrison, Jr., Carl W. Jones, Midland, John E. Morrison, Jr., Midland, for Phillips Petroleum Co.

Clayton L. Orn, Houston, Black & Stayton, John W. Stayton, Austin, for Ohio Oil Co.

Price Daniel, Atty. Gen., Charles E. Crenshaw, Asst. Atty. Gen., for Railroad Commission.

E. G. Aycock, Fort Worth, E. M. DeGeurin, Austin, E. G. Aycock, Fort Worth, for Selwyn S. Smith.

GRAY, Justice.

This is a Rule 37 case, and is an appeal from a judgment sustaining a permit to drill a well on a .64 acre tract of land, a part of Section 24, Block 194, G. C. & S. F. Ry. Co. Survey, in the Yates oil field in Pecos County.

The discovery well in the Yates field was completed in October, 1926. The permit under consideration here was granted September 18, 1950, and the motion for rehearing was overruled October 29, 1950. The .64 acre tract of land is approximately 20.7 feet wide and 1320 feet long, and is of such size and shape that a well cannot be drilled thereon in compliance with the spacing rules applicable to the field. The permit was granted as an exception to such rules and must be sustained, if at all, as an exception.

At a nonjury trial the parties stipulated as follows:

"It is stipulated by and between all of the parties to this cause for the purpose of the trial of this cause only that no issue of whether the permit is justified as a permit to prevent waste is involved in this case; that the permit was not applied for or granted upon the theory that the well is needed to prevent waste and that this cause shall be tried as though the order of the commission recited only that the permit is granted to prevent confiscation of property, and it is further stipulated that insofar as the issue of the prevention of confiscation of property is concerned that the only question to be decided by the Court is whether the strip in question containing approximately .64 acres of land constitutes a voluntary subdivision within the meaning of the applicable decisions of the Courts and the commission's rules regarding voluntary subdivisions, and that if the Court finds that the strip constitutes a voluntary subdivision within the decisions and within the meaning of the rule that the judgment shall be for plaintiffs, and that if the Court finds that it does not constitute a voluntary subdivision, the judgment shall be for defendants, unless the Court makes some contrary ruling by reason of the plea of judicial estopped as between Phillips and the permittee.

"Mr. Aycock: And unless the Court may make some different ruling by virtue of the pleas of res adjudicata on behalf of the defendant Selwyn Smith."

The following facts are relevant to the issue presented. On May 9, 1927, Roxana Petroleum Corporation, the owner of a mineral leasehold estate on Section 24, Block 194, G. C. & S. F. Ry. Co., Survey in Pecos County, conveyed to Red Bank Oil Company a mineral leasehold estate in the north one-half of said Section 24, excepting from such conveyance a 40-acre tract in the form of a square out of the northeast corner of said section. On May 27, 1927, Red Bank Oil Company conveyed to H. P. Nichols a mineral leasehold estate in the east 180 acres of the north one-half of said Section 24 less 40 acres in the form of a square out of the northeast corner " * * * conveying herein 140 acres." On March 15, 1928, H. P. Nichols conveyed to John W. McGee a mineral leasehold estate in the southeast quarter of the northeast quarter of said Section 24, "and containing 40 acres."

The .64 acre tract under consideration here lies between the 40 acres not acquired by Red Bank Oil Company and the 40

acres conveyed by H. P. Nichols to John W. McGee. On February 26, 1943, H. P. Nichols quitclaimed his interest in the .64 acre strip to E. J. McCurdy, Jr. It is through McCurdy that appellee, Selwyn S. Smith the permittee, claims.

In 1933, the Supreme Court decided three cases important to a decision of the question here presented. These are: Turner v. Smith, 122 Tex. 338, 61 S.W.2d 792; Douglas Oil Company v. State, 122 Tex. 369, 61 S.W.2d 804 (Whiteside case), and Douglas Oil Co. v. State, 122 Tex. 377, 61 S.W. 2d 807 (California case). In those cases the Court determined the legal method of locating on the ground Block 194, G. C. & S. F. Ry. Co. survey, as surveyed by an office survey in 1883. Reference is here made to those decisions and to the three plats attached to the opinion in the Turner case for a full understanding of our statements here.

As is shown by the decision in the Turner case, the field notes for Survey 1, the initial survey of Block 194, was called to begin at the northeast corner of Survey 15 of Block Z, that point being the northeast corner of Block Z, a survey made on the ground in 1882. The further calls of the field notes for Survey 1 were substantially:

Thence South 1900 varas to a stake and mound at the southeast corner of Survey 15 of Block Z;

Thence east 1900 varas;

Thence north 1900 varas;

Thence west 1900 varas to the place of beginning.

Block Z lies west and southwest of Survey 1. The west line of Survey 1 is called to run from the northeast corner of Block Z to the southeast corner of Survey 15. The remainder of Block 194 was constructed upon said Survey 1 and was platted in from west to east, and Surveys 1 to 29, both inclusive, called for 1900 varas each way. Prior to the above decisions an excess from west to east had been allowed and prorated to the surveys of Block 194; however, the decisions, supra, determined that there was an excess north and south over the calls for course and distance between the north and south lines, as fixed by monuments on the ground, for Block Z, which excess was properly prorated among the tiers of sections within Block Z, and that such excess (north and south) must be carried eastward into Block 194. It was further determined that the allowance of excess, east and west, in the surveys of Block 194 was without authority since the calls for course and distance, east and west, was for 1900 varas.

After the above decisions and by reason of them establishing the existence of an excess north and south instead of east and west in the surveys of Block 194, it was determined that the 40 acres, in a square, out of the northeast corner of Section 24, not acquired by Red Bank Oil Company and not conveyed to H. P. Nichols, did not adjoin the 40 acres conveyed by Nichols to John W. McGee. It is by reason of this factual situation, determined by the decisions, supra, that there is here presented the issue of whether or not Nichols made an illegal subdivision of the mineral leasehold estate at the time he conveyed 40 acres to John W. McGee.

Appellees say that the existence of the .64 acre tract was not recognized at the time of the conveyance by Red Bank Oil Company to Nichols or at the time of his conveyance to McGee, or prior to such conveyances. They say that the location of the .64 acre tract between the two 40-acre tracts was the result of the decisions of the Supreme Court, supra, and that it was not a voluntary segregation from the larger 40-acre tract by Nichols. These statements, as we understand them, are bottomed on the argument that prior to those decisions an excess in Section 24 of Block 194 had been allowed east and west, but those decisions determined such allowance of excess to be without authority and adjudged an excess to exist in the section from north to south, and that Nichols, in making the conveyance to McGee, was dealing with the section as it was then believed to exist. (Prior to the decisions).

We will assume that at the time Nichols acquired the 140 acres from Red Bank Oil Company and at the time he conveyed to McGee, he did not know the two 40-acre tracts were separated by the .64 acre tract,

and that he did not have such knowledge until 1933, the date of the decisions, supra.

 At the time Nichols conveyed to McGee he knew that he owned a mineral leasehold estate in "the east 180 acres of North Half of Section 24, less 40 acres in the form of a square out of the Northeast Corner." He also knew that he was conveying to McGee 40 acres being what he believed to be all of his interest in the southeast quarter of the northeast quarter of Section 24. He then, of course, knew that he had acquired from Red Bank Oil Company an interest in 140 acres out of the east part of the north half of Section 24 except the 40 acres excluded from that conveyance, and therefore knew he owned an interest in whatever land, if any, lay between the two 40-acre tracts. At most it can only be said that Nichols was laboring under a misapprehension as to the extent and quantity of his interest in the east part of the north half of Section 24, and the legal effect of his conveyance to McGee. The result of the conveyance to McGee was the segregation of the .64 acre tract from the larger 40-acre tract. Under this state of facts, it is the general rule that a party will not be relieved from the legal effect of an agreement he executes or the legal result of an act he performs. 29 Tex.Jur. p. 712, Sec. 7. It is not asserted that a mistake was made in the conveyance to McGee but the mistake relates only to the amount and extent of the interest of Nichols in the east part of the north half of Section 24. "The vendor is ordinarily presumed to know the quantity, character and quality of the land * * * he offers for sale." Puckett v. Hoover, 146 Tex. 1, 202 S.W. 2d 209, 212. He is also presumed to know the boundaries of his own land.

It may be conceded that Nichols did not purposely segregate the .64 acre tract at the time he conveyed to McGee but such purpose would not be the controlling factor. In considering the question of a voluntary subdivision, in Nash v. Shell Petroleum Corp., Tex.Civ.App., 120 S.W.2d 522, 524, error dism., Chief Justice McClendon, for this Court, said:

"The question of intent is not material. The effect of the act of segrega-tion as applied to the particular fact situation is the controlling factor."

We think the decision of this Court in Tidewater Associated Oil Co. v. Railroad Commission, Tex.Civ.App., 120 S.W.2d 544, was on facts similar to the facts here. Appellees say that case is distinguishable from the case before us, and say:

"In that case, Skipper thought he had assigned all the acreage covered by his lease. Four years later, Skipper himself found additional land and made an assignment of it. Manifestly, this was Skipper's voluntary act and he could not escape the consequences of it upon the excuse that he thought he had conveyed it all upon the first conveyance or that it was a mistake. In this case Nichols actually conveyed all that he owned at that time. This is conclusively shown by reference to the assignments of leases already mentioned. Later Nichols did not lay claim to the strip involved on the grounds that he 'thought' he had conveyed all of his land in the original leases. He came into ownership of the mineral estate in the little strip solely as a result of the Supreme Court's decision in the Turner case with which he had nothing whatever to do. In other words, the strip in this case did not come into existence until after Nichols had made his conveyance and it was because of the acts of other parties and the court's decision which brought the tract into existence."

From what we have said it is made to appear we do not agree with appellees' statement. We hold that the .64 acre strip of land is a voluntary subdivision within the meaning of the applicable spacing rules, and that appellee, Selwyn S. Smith, grantee of Nichols, is not entitled to the permit in question. This renders a consideration of the questions of judicial estoppel and res adjudicata presented by appellant Phillips Petroleum Company and appellee Smith each respectively not necessary.

The judgment of the trial court is reversed and judgment is here rendered cancelling the permit, and granting the injunction as prayed for by appellants.

Reversed and rendered.