PHILLIPS PETROLEUM CO. et al.

v.

RAILROAD COMMISSION et al.

No. 10224.

Court of Civil Appeals of Texas.

Austin.

June 2, 1954.

Rehearing Denied June 23, 1954.

Rayburn L. Foster, Harry D. Turner, Bartlesville, Okl., Carl W. Jones, Midland, Dan Moody, Austin, Paxton Howard, Richard L. Hughston, Midland, for appellant.

John Ben Shepperd, Atty. Gen., Burnell Waldrep, Mert Starnes, Asst. Attys. Gen., for Railroad Commission of Texas.

Elmer Patman, Hollers, O'Quinn & Crenshaw by Charles E. Crenshaw, Austin, J. Percival Rice, Dallas, for Selwyn S. Smith, appellee.

GRAY, Justice.

This a Rule 37 case. Appellants have appealed from a judgment sustaining a permit granted to appellee, Selwyn S. Smith, authorizing production of a well in the Yates Oil Field in Pecos County. The well is located on a .64 acre tract of land, 20.7 feet wide, north and south, and 1320 feet long, east and west. The well was drilled under a permit considered and held invalid by this Court in Shell Oil Co. v. Railroad Commission, 247 S.W.2d 448, error ref. In that case we held the .64 acre tract to be a voluntary subdivision within the meaning of the applicable spacing rules and cancelled the permit.

Prior to our above holding the well was drilled and produced but after our judgment became final the well was shut down.

Thereafter Selwyn S. Smith applied to the Commission for a permit to produce the well on the ground that it was necessary to prevent waste. The permit was granted "under the waste prevention powers of the Commission."

In the prior suit appellants and Ohio Oil Company, who is not a party here, were parties. That cause was tried on a stipulation of the parties made in the trial court which is fully set out in our former opinion and to which we here refer, however we deem it advisable to here quote portions thereof:

"It is stipulated by and between all of the parties to this cause for the purpose of the trial of this cause only that no issue of whether the permit is justified as a permit to prevent waste is involved in this case; that the permit was not applied for or granted upon the theory that the well is needed to prevent waste and that this cause shall be tried as though the order of the commission recited only that the permit is granted to prevent confiscation of property, * * *"

The stipulation further provided that the only question to be decided was whether the .64 acre strip of land constituted a voluntary subdivision; that if it was decided it did constitute a voluntary subdivision then the judgmet should be for the plaintiffs and that if it be decided it does not then the judgment should be for the defendants.

We will herein refer to the well in question as the Smith well, to the permit considered in our above opinion as the first permit, and to the permit under consideration here as the second permit.

■ On examination of the above mentioned stipulation and the opinion holding the first permit invalid shows that the opinion was limited to the issues of voluntary subdivision and confiscation and that the issue of waste was not considered and was not determined. The judgment rendered was in keeping with the stipulation that if the .64 acre strip was adjudged to be a voluntary subdivision the judgment should be for the plaintiffs. Here the permit is grounded on the issue of waste which was not involved in, but was expressly excluded from, the former opinion and judgment for which reason that judgment is not res adjudicata of the different issue of waste here presented. Buckley v. Atlantic Refining Co., Tex.Civ.App., 146 S.W.2d 1082, error dism. judgm. cor.

■ The stipulation, supra, the judgment and the opinion cancelling the first permit rendered and decided on the basis of the stipulation does not show an abandonment by appellee Smith of his right to apply for and sustain the second permit since there is nothing to show an intention on his part to abandon such right. Humble Oil & Refining Co. v. Cook, Tex.Civ.App., 215 S.W. 2d 383, error ref., n.r.e.

■ When appellants' claim of waiver of the issue of waste by appellee Smith is considered in the light of what was stipulated, what was decided and the judgment rendered in the former opinion it cannot be said that Smith waived his right thereto. Appellants were parties to that proceeding and the stipulation. If appellants desired to make an issue of waiver then they assumed the burden of proving it. The record does not sustain such burden. The Praetorians v. Strickland, Tex.Com.App., 66 S.W.2d 686.

■ Rule 37 authorizes the Commission to issue well permits to prevent confiscation or to prevent waste. These terms are separate and distinct and have no reference to each other. 31A, Tex.Jur., Sec. 407, p. 689. And the fact that

"* * * a tract of land is a subdivision within the meaning of the rule last mentioned is no impediment to the granting of a well permit thereon as an exception under Rule 37 to prevent waste. In other words, the rule pertaining to subdivisions has no application to well permits granted to prevent waste."

Gulf Land Co. v. Atlantic Refining Co., 134 Tex. 59, 131 S.W.2d 73, 83.

■ The prior judgment adjudging the first permit invalid because the .64 acre tract constituted a voluntary subdivision and not entitled to a well to prevent confiscation is not contradictory to a judgment sustaining the second permit granted to prevent waste. Appellees are not judicially estopped to now assert that a well on the .64 acre tract is necessary to prevent waste. 26 Tex.Jur., Sec. 449, p. 206.

The evidence shows that prior to the time the Smith well was drilled there had been drilled four wells on tracts of land adjoining and immediately surrounding the .64 acre tract which wells are located from 200 to 460 feet from the Smith well.

Two expert witnesses were called to testify, one by appellants and one by appellees. These witnesses differed in their opinions as to whether substantially all of the oil to be produced by the Smith well would be produced by the four surrounding wells and by other wells in the field. Appellants' witness was of the opinion that the oil would be recovered by the four surrounding wells and appellees' witness was of the opinion that it would not. They seemed to agree that prior to the drilling and completion of the Smith well there was nothing unusual about the particular area of the field in which the .64 arce tract is located; that no one had any knowledge of what the formation would be when the well was drilled, what to expect, or whether it would be more or less permeable, and that the drilling and production history of the four existing wells surrounding the Smith well revealed nothing unusual about the area prior to the drilling of the Smith well.

Appellees' witness considered the facts revealed by the drilling and the production of the Smith well in connection with other matters and testified that the reservoir from which the Smith well was producing is not in effective communication with the reservoirs of the other four wells and based his opinion on various reasons: (1) that the Yates Field is regarded by the Commission to be, and factually is "the most regularly irregular" field in its jurisdiction. See Standard Oil Co. v. Railroad Commission, Tex.Civ.App., 215 S.W.2d 633, error ref., n.r.e.; (2) that he had had much experience working in the field and had a knowledge of Section 24 of which the .64 acre tract is a part; (3) that the potentials of wells in the field vary from 10 or 15 barrels of oil per day to 200,000 barrels per day; (4) that the official production records and potential tests of the Smith well and the wells on the adjoining tracts show a wide variance; (5) that in 1951 the Smith well had a potential of 4991 barrels of oil in 12 hours while the four surrounding wells then had very low potentials and had the ability of producing much smaller quantities of oil than the Smith well; (6) that these facts show the variation in permeability and porosity of the structures under the tracts; (7) that water or free gas, or both, was present in each of the four surrounding wells and that the Smith well did not make water or free gas. He expressed the positive opinion that the reservoir from which the Smith well was producing was not in effective communication with the reservoir or reservoirs from which the other wells were producing, that the oil to be recovered by the Smith well could not be recovered by either of the four surrounding wells and that such oil is in a substantial amount.

■ In Gulf Land Company v. Atlantic Refining Co., supra, the Court defined "waste" as follows:

"The term 'waste,' as used in oil and gas Rule 37, undoubtedly means the ultimate loss of oil. If a substantial amount of oil will be saved by the drilling of a well that otherwise would ultimately be lost, the permit to drill such well may be justified under one of the exceptions provided in Rule 37 to prevent waste."

This definition is quoted with approval in Hawkins v. Texas Co., 146 Tex. 511, 209 S.W.2d 338.

Appellants say that the uncontradicted evidence shows that the characteristics of

the formation underlying the .64 acre tract are not unusual or peculiar but are typical of other parts of the field and of the field as a whole, and further say that the Commission and the trial court should not have heard and should not have considered evidence based on the facts revealed by the drilling and production of the Smith well since it was drilled under the first permit. They say that because the first permit was held invalid and cancelled such evidence is rendered inadmissible in this proceeding.

■ The filing of the suit to cancel the first permit did not suspend drilling operations under it nor the production of oil from the well when drilled. Humble Oil & Refining Co. v. L. & G. Oil Co., Tex.Civ.App., 259 S.W.2d 933, error ref., n.r.e. For this reason the jurisdiction of the Commission to enforce and apply its rules as to such drilling and production was not suspended. The evidence procured from the drilling and production of the well was not illegally procured. Moreover we think that the admissibility of the evidence does not depend on the circumstances of its procurement but upon its materiality and relevancy to the issues. McCormick & Ray, Texas Law of Evidence, p. 308, Sec. 220, et seq.

We think the evidence was not illegally obtained but even if it was, as is contended by appellants, we know of no statute of this State, and none has been called to our attention, declaring it to be inadmissible in this cause. We are mindful of Art. 727a, Vernon's Ann.C.C.P., which provides that no evidence procured by an officer or other person in violation of the Constitution or laws of the United States or of this State "shall be admitted in evidence against the accused on the trial of any criminal case." However this is not a criminal case and that article has no application.

When the facts revealed by the drilling and the production of the Smith well, as testified to by appellees' witness, are considered, it cannot be said that the uncontradicted evidence shows that the characteristics of the formation underlying the .64 acre tract and the surrounding area are not unusual or peculiar but are typical of other

parts of the field and of the field as a whole. However it may be here observed that the uncontradicted evidence does show the "regular irregularity" of the entire field.

We have considered all points presented by appellants and it is our opinion that error is not presented.

The judgment of the trial court is affirmed.

Affirmed.